**FENNEMORE LLP**
Gary B. Rudolph, SBN 101921
Kathleen A. Cashman-Kramer, SBN 128861
600 B Street, Suite 1700
San Diego, California 92101
Telephone: (619) 233-4100
Fax Number: (619) 231-4372

Attorneys for Chapter 7 Trustee, CHRISTOPHER R. BARCLAY

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>ALTA VISTA PARK, A LIMITED PARTNERSHIP,<br><br>Debtor. | Case No.: 24-00337-CL7<br><br>Chapter 7<br><br>**FIRST AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF FENNEMORE LLP, COUNSEL FOR CHAPTER 7 TRUSTEE**<br><br>Date: October 19, 2026<br>Time: 10:00 a.m.<br>Dept.: 1<br>United States Bankruptcy Court<br>325 West "F" Street<br>San Diego, CA 92101-6991<br>Judge: Hon. Christopher B. Latham |

Fennemore LLP ("Fennemore" or "Applicant"), as general counsel for Chapter 7 Trustee Christopher R. Barclay, hereby submits its First and Final Application for Compensation and Reimbursement of Expenses ("Application") for the period of February 5, 2024, through August 24, 2026 (the "Application Period"). Pursuant to its Application, Applicant respectfully requests that it be awarded, as an administrative expense under Sections 330(a) and 503(b)(2) of the Bankruptcy Code (11 U.S.C. § 101, et seq.), the sum of $253,479.50 in fees and $8,492.47 in costs on a final basis. This includes a courtesy discount of fees and costs in Submatter .003

"Claims Against Partners", by $**122,000.00** ($332,574.22 reduced by approximately 36.68%) with the understanding that it is not a reflection of, or challenge to, the services provided or the reasonableness of the fees charged, but is a concession recognizing a desire on the part of the Trustee and Fennemore to have more funds available to add to general estate funds to pay creditors.

A fee application summary sheet is attached as **Exhibit A** to the Declaration of Gary B. Rudolph ("Rudolph Declaration"), in accordance with the United States Trustee's Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses.

**I.**

**SUMMARY OF APPLICATION**

| | |
|---|---|
| Name of Applicant: | **Fennemore LLP** |
| Authorized to Provide Services to: | **Chapter 7 Trustee**<br>**Christopher R. Barclay** |
| Date of Retention: | **Order Authorizing Employment entered on March 6, 2026.** |
| Period for Which Compensation and Reimbursement is Sought: | **February 5, 2024 to August 24, 2026** |
| Amount of Compensation for Which Authorization for Payment is Requested: | **$253,479.50** |
| Amount of Expense Reimbursement Requested: | **$8,492.97** |

This is the First and Final Fee Application filed by Applicant in this case. The Trustee has funds on hand in the amount of $381,781.12. See the Trustee's Form 2, which is **Exhibit A** attached hereto. Even though this estate is administratively solvent, Applicant will work with the Trustee on the amount of payment of any allowed fees and costs.

## II.

## STATEMENT OF THE CASE

### A. The Commencement of the Case

On January 31, 2024, Alta Vista (the "Debtor") filed with this Court its voluntary petition for relief under Chapter 7 of the Bankruptcy Code, and subsequently, Christopher R. Barclay, Trustee was duly appointed as the Chapter 7 Trustee in this case. On March 6, 2024, this Honorable Court entered an order approving the Trustee's retention of Fennemore LLP as his general counsel. ECF 31.

## III.

## STAFFING OF CASE AND ATTORNEY TIME

The time reflected in this Application is that of attorneys Gary B. Rudolph, Kathleen A. Cashman-Kramer and of paralegals Linda Gubba-Reiner, Laurel L. Dinkins, and Michelle Sanchez. The usual and customary hourly rates charged to all clients of Fennemore LLP are as follows:

| STAFFING & HOURLY RATES | |
|---|---|
| **Professional** | **Hourly Rate** |
| Gary B. Rudolph | $610.00 |
| Gary B. Rudolph | $640.00 |
| Gary B. Rudolph | $680.00 |
| James Hill | $665.00 |
| Joseph Marshall | $710.00 |
| Kathleen Cashman-Kramer | $525.00 |
| Kathleen Cashman Kramer | $560.00 |
| Kathleen Cashman-Kramer | $600.00 |
| Kristin Mihelic | $600.00 |
| Stacy Porche | $390.00 |
| Elizabeth Stephens | $490.00 |
| Laurel Dinkins, Paralegal | $310.00 |
| Laurel Dinkins, Paralegal | $340.00 |
| Linda Gubba-Reiner, Paralegal | $340.00 |
| Linda Gubba-Reiner, Paralegal | $375.00 |

| STAFFING & HOURLY RATES | |
|---|---|
| **Professional** | **Hourly Rate** |
| Michelle Sanchez, Paralegal | $360.00 |
| Michelle Sanchez, Paralegal | $390.00 |

## IV.

## SUMMARY OF TIME EXPENDED

| Professional | Rate | Hours | Amount |
|---|---|---|---|
| Gary B. Rudolph | $610.00 | 43.70 | $25,742.00 |
| Gary B. Rudolph | $640.00 | 93.70 | $59,968.00 |
| Gary B. Rudolph | $680.00 | 140.20 | $95,336.00 |
| James Hill | $665.00 | .90 | $598.50 |
| Joseph Marshall | $710.00 | 3.20 | $2,272.00 |
| Kathleen Cashman-Kramer | $525.00 | 11.30 | $5,932.50 |
| Kathleen Cashman Kramer | $560.00 | 68.20 | $38,192.00 |
| Kathleen Cashman-Kramer | $600.00 | 206.20 | $123,720.00 |
| Kathleen Cashman-Kramer | $525.00 | 1.3 | 0.00 |
| Kristin Mihelic | $600.00 | 2.50 | $1,500.00 |
| Stacy Porche | $390.00 | 17.90 | $6,981.00 |
| Elizabeth Stephens | $490.00 | 4.40 | $2,156.00 |
| Laurel Dinkins, Paralegal | $310.00 | .50 | $155.00 |
| Laurel Dinkins, Paralegal | $340.00 | 1.1 | $374.00 |
| Laurel Dinkins, Paralegal | $340.00 | .30 | 0.00 |
| Linda Gubba-Reiner, Paralegal | $340.00 | 2.0 | $680.00 |
| Linda Gubba-Reiner, Paralegal | $375.00 | 16.5 | $6,187.50 |
| Michelle Sanchez, Paralegal | $360.00 | 4.2 | $1,512.00 |
| Michelle Sanchez, Paralegal | $390.00 | 10.70 | $4,173.00 |
| **SUB-TOTAL** | | **628.8** | **$375,479.50** |
| **Reduced Fees - Claims Against Partners** | | | **-$122,000.00** |
| **TOTAL:** | | **628.80** | **$253,479.50** |

The fair value of the professional service rendered to Trustee during the

Application Period is $253,479.50. The blended hourly rate including paralegal time is $505.00; the blended hourly rate excluding paralegal time is $588.18. The value of comparable services performed for clients other than under Title 11 of the United State code is the same as herein requested.

No arrangement or understanding exists between Applicant and any other person for sharing of compensation to be received for services rendered in connection with this case. At all times, every reasonable effort was made to avoid duplication of effort and expense on the part of the attorney for Trustee. Accordingly, Applicant believes it has delivered high quality, professional services at an efficient and economical rate for the estate.

## V.

## SUMMARY AND DESCRIPTION OF SERVICES BY APPLICANT

Detailed descriptions of the services performed by the attorneys and paralegals of Applicant, the time spent in connection with those services, and the charges associated with those services are set forth in the statement of account attached as **Exhibit B** to the Rudolph Declaration.

### A. General Legal Services

The Debtor filed its Chapter 7 case on January 31, 2024, and the Chapter 7 trustee was appointed. Thereafter, the Trustee contacted Applicant, who filed a request for special notice on February 9, 2024 (ECF #10). The ex parte application by the Trustee to retain counsel was filed on March 4, 2024 (ECF #29) and the order approving it was entered March 6, 2024 (ECF #31).

Applicant and the Trustee were immediately faced with two emergencies which Applicant assisted in: on February 12, 2024 Applicant filed an emergency motion to expedite abandonment of property of the estate, and to reject the unexpired ground lease for the non-residential real property. ECF #11. Among other things, the emergency basis included that the combined total of monthly expenses for the property was $26,250 ($16,500 monthly ground lease cost and $9,750 monthly

expenses) and monthly rental receipts was only $22,000. The estate had no funds from which to pay these amounts. Service was affected on all parties in interest – many by personal service as the court required. A hearing was set on shortened time, and on February 15, 2024 the Court granted the order. ECF #24.

Concurrently, the landlord under the ground lease, Mr. Kellogg, had filed a motion for relief from stay on February 6, 2024 (ECF #8) to continue the unlawful detainer he had commenced. Although technically mooted by the February 15 order, the Court on February 27, 2024 granted relief from stay for Mr. Kellog to proceed. ECF #27.

In the meantime, the Trustee conducted multiple meetings of creditors, including on March 11, April 10, April 25, May 22, and June 11, 2024. One of the reasons for the multiple meetings is that the Debtor's principal had not yet produced documents requested by the Trustee. Applicant prepared for and attended these meetings, and questioned Mr. Smith, on behalf of one of the principals and the person who signed the Debtor's statements and schedules.

Applicant assisted the Trustee in reviewing and analyzing documents and correspondence as well as the bankruptcy statements and schedules, including amendments filed by the debtor. Applicant also worked extensively with the debtor's counsel to identify and obtain additional relevant documents, and conducted searches of the public records (the County recorder and the California Secretary of State's offices) to obtain additional background information, as well as the status of any litigation (including an arbitration that the Debtor had been a party to, which involved a dispute with the landlord regarding the amount of the ground rent).

Applicant also communicated extensively with counsel for the landlord, Mr. Gorrill.

A significant issue revolved around the structure and ownership interests in the Debtor. Originally, the Debtor was created in 1978 as a California general partnership. At some point, Applicant's research found that the debtor changed its

structure into a California limited partnership, with the original general partners retaining interests in the debtor.

The claims bar date of July 15, 2024 was set on April 15, 2024. See ECF #38. After the bar date passed, with more than $800,000 in claims filed, Applicant reviewed and analyzed proofs of claims and related docket entries based upon the information obtained so far.

Specifically, Applicant researched a possible objection to the secured claim of creditors, CDR Partners and the SBA, whose collateral was abandoned by the Trustee. The SBA amended its proof of claim (approximately $56,000) to reflect it was unsecured. Also, on January 23, 2025 based upon the facts, the Trustee filed his objection to CDR's claim in the amount of approximately $150,000. ECF #51. CDR did not oppose it, and on March 11, 2025 the Trustee's objections were sustained (ECF #53) and the claim was disallowed in its entirety.

Applicant research of the landlord's claim resulted in further discussions with its counsel. Ultimately the landlord agreed and reduced its proof of claim by approximately $120,000.

Similarly, Applicant was preparing to object to the claim against Marine Merchant in the approximate amounts of $180,000 (secured) and $30,000 (unsecured). Among other things, the claim was questionable as the creditor was an entity related to the debtor, and run by the debtor's principal, Mr. Smith. In addition, Marine Merchant had received approximately $78,000 from the debtor during the preference period. Applicant, on behalf of the Trustee, entered into settlement discussions with Marine Merchant's counsel. In July 2025 a settlement was reached whereby Marine Merchant agreed to pay the estate the sum of $39,158.23 and would withdraw its proof of claim in full. See ECF #64 (notice of intended action), which was approved by order entered August 25, 2025 (ECF #67). As a result the claims against the estate were further reduced by $210,000, and the estate received over $39,000 from the creditor in recognition of the pre-petition transfers.

As discussed below in connection with the adversary proceeding that had been commenced against the general partners of the Debtor, Applicant assisted in negotiating and documenting two settlements that resulted in bringing in a total of an additional $310,000 to the estate. See ECF #s 78 and 85 (notice of intended action filed in the chapter 7 case) and ECF #s 83 and 92 (the orders approving the settlements.

**B. <u>Disposition of Property</u>**

Prior to filing of the Chapter 7 case, the Debtor leased a large parcel of improved commercial property in Mission Valley. The property consisted of a commercial building with a number of suites and/or units. The Debtor made money by leasing these units to commercial subtenants.

Immediately upon filing the Trustee was faced with the fact that the rents being paid for the subleased units was insufficient to pay the costs of operating the property – including the monthly ground rent owed to the ground lessor. These subleases were the debtor's only source of income for the Debtor. As a result, as its first order of business, Applicant was tasked by the Trustee to prepare emergency motions on shortened time to reject the many subleases, the ground lease, and to abandon the real property back to the ground lessor. This required careful review of the documents and consideration of what this meant to the Debtor and its creditors. Included also was numerous discussions with counsel for the ground lessors regarding its ground lease issues.

Applicant prepared a detailed emergency motion and accompanying declarations explaining the immediate need for the relief requested. Applicant's staff had to determine correct addresses for all of the subtenants, as well as the ground lessor, and any other parties in interest, for service of the emergency papers. Thereafter, after the emergency papers were filed and served, and once the court entered the order shortening time for hearing on the emergency motion, the order setting the hearing date on shortened time had to be served on all the same parties.

The hearing was held on February 15, 2025 – 16 days after the chapter 7 case was filed – and it was granted in full. Applicant prepared and uploaded an order rejecting the leases and abandoning the property, and served the order once entered. ECF #24. The effect of this swift action was to significantly reduce claims that could have been asserted against the estate.

**C. <u>Claims Against Partners</u>**

When this Chapter 7 case was filed, the Debtor had very little in the way of assets to liquidate to pay claims. As of the claims bar date (July 15, 2024), the filed claims totaled $839,313.65. The Trustee filed objections, and reached settlement on certain claims, some of which resulted in withdrawal of significant claims (See claims #s 6, 8 and 10). After these settlements and withdrawals, the estate had allowed claims that were reduced to $384,713.65.

Because the Debtor in this case was a California limited partnership, the Trustee and Applicant determined that the Trustee had a valid claim against the general partners of the Debtor that would enable him to sue them and to recover funds. Specifically, Section 723 provides in pertinent part that (a) If there is a deficiency of property of the estate to pay in full all claims which are allowed in a case under this chapter concerning a partnership and with respect to which a general partner of the partnership is personally liable, the trustee shall have a claim against such general partner to the extent that under applicable nonbankruptcy law such general partner is personally liable for such deficiency.

At that time (early 2025), the Trustee and Applicant believed, based on the information in the Debtor's statements and schedules and testimony at the creditor meetings, that the Debtor had 3 general partners on the petition date: Arlen Beatty, Marie Raymond, and South Coast Equities, Inc. ("SCE"), a California corporation 100% owned by Stanley A. Smith. As a result, on February 12, 2025 the Trustee filed a complaint, adv proceeding # 25-90023, against Mr. Beatty, Ms. Raymond, and SCE containing a single claim for relief under Section 723 for recovery by the Trustee

of sufficient funds to pay partnership creditors in full. It was served on the defendants and, after agreeing to extensions of time, all three defendants filed their answers to the complaint on April 10, 2025. See ECF #s 10, 11 in the adversary proceeding (Unless otherwise indicated, the subsequent references to ECF numbers all relate to the ECF numbers in the adversary proceeding). The Trustee and the parties then commenced discovery.

Specifically, on May 12, 2025, Applicant served interrogatories and requests for production of documents on all three defendants. Mr. Beatty responded in writing on June 12, 2025, and later produced documents. SCE responded in writing on June 11, 2025. Defendant Raymond responded in writing on July 29, 2025.

Applicant met and conferred with counsel for SCE on the inadequacy of its responses, and on July 14, 2025, SCE served amended responses.

In the meantime, Mr. Beatty filed a Chapter 7case in this district, case no. 25-02589-CL. He listed significant equity in his house and an IRA with over $1.1 million in it. Applicant, on behalf of the Trustee, sought relief from stay in the Beatty case seeking leave to continue the adversary proceeding to judgment only. The court declined to grant that relief. On the eve of when Applicant was considering filing an objection to Mr. Beatty's exemptions, Mr. Beatty amended his exemption claims to protect the equity in his house. The Trustee determined it was not cost effective to pursue objections to his exemptions and Mr. Beaty's chapter 7 case was closed on May 1, 2026, the same date that Mr. Beatty received his discharge in his case.

The Trustee and Applicant noticed certain inconsistencies in documents provided by the Debtor (mostly through Mr. Smith) casting doubt on whether SCE or Mr. Smith himself was the 3rd general partner of the Debtor. For example, SCE became a general partner of the Debtor upon its creation on August 5, 1994. Barclay Decl. Exhibit 6, ECF 50. Beatty became a general partner of the Debtor upon the amendment filed on November 10, 1994. Barclay Decl. Exhibit 10, ECF 50.

Raymond became a general partner of the Debtor upon the amendment filed on May 17, 2018. Barclay Decl. Exhibit 13 ECF 50. However, Raymond was also a general partner of the Debtor's general partnership commencing in 1978 (see Barclay Decl. Exhibit 1, ECF 50), and appears to have remained a general partner of that entity until August 5, 1994.

This Debtor is the same legal entity as the one created in 1978; the Debtor's tax returns all state, on Form 1065, that the Debtor that the "Date the Business Started" was April 1, 1978, matching the date of the original general partnership agreement (Exhibit 1 to the Barclay Decl. ECF 50). The Debtor's 2018-2024 returns, produced by CPA Scott Lyons pursuant to subpoena, were also introduced at his deposition conducted on January 21, 2026. The transcript and these exhibits are attached to the Kramer Decl., at the following page numbers (ECF 51): See Debtor's 2018 Returns, LYONS_000046; 2019 returns, LYONS_000248; 2020 returns, LYONS_000445; 2021 returns, LYONS_000647; 2022 returns, LYONS_000845; 2023 returns, LYONS_001054; and 2024 returns, LYONS_001262. These contained K-1s issued to Mr. Smith individually as a general partner and not SCE. Other facts included: (a) the proof of claim filed by the Small Business Administration (claim no. 5) filed 7/12/24 in the amount of $56,947.64 shows, Smith signed the Note (pp. 4-5 of the proof of claim) as follows: "Alta Vista Park, LP, by Stan Smith, Owner/Officer." Claim 5-1, at p. 5 (attachment 1); and (b) the Debtor was formed as a general partnership on 2/10/78. See the Standard Partnership Agreement of Alta Vista Park, a General Partnership (Barclay Decl. Exhibit 1, ECF 50). That agreement listed General partners Stan Smith dba South Coast Equities, Arlen Beatty and Marie Raymond and her husband.

As a result of these and many other undisputed facts, Applicant began conducting third party discovery. Specifically, Applicant subpoenaed the Lyons Accountancy Group ("Lyons"), the Debtor's tax accountants, requesting tax returns for the Debtor and SCE. See ECF #26. After documents were received in November

2025, the parties agreed to the date of January 21, 2026, to take the deposition of the person most knowledgeable on behalf of Lyons. ECF #34. Applicant also subpoenaed documents from Mr. Smith and SCE (ECF # 31) and set the date of February 25, 2026 for Mr. Smith's deposition. Mr. Beatty was also served with a subpoena (ECF #41) and his deposition was taken on February 12, 2026.

The documents – including but not limited to tax returns for the Debtor and for SCE - revealed significant undisputed facts that tended to demonstrate that Smith is in fact one of the general partners of the Debtor and, as such, is responsible to the Chapter 7 estate pursuant to 11 U.S.C. section 723, Cal. Corp. Code § 15904.04, and Cal. Corp. Code § 16306. As a result, on March 23, 2026, Applicant filed a motion for leave to file an amended complaint adding Mr. Smith as a general partner. ECF #48. Mr. Smith opposed the motion, and this Court issued its tentative ruling granting the motion (ECF #57) on April 23, 2026, and the order granting the Trustee's motion to amend was entered on April 27, 2026 (ECF #59). The first amended complaint was filed and served on May 18, 2026 (ECF #63).

The Motion was extremely detailed and included numerous facts and documents obtain through discovery. It included the Declarations of Christopher Barclay (the "Barclay Decl.") (80+ pages), Kathleen Cashman-Kramer ("Kramer Decl.") (1439 pages) and Gary B. Rudolph, Esq., ("Rudolph Decl."), (2434 pages). ECF 52.

Meanwhile, negotiations were conducted between the Trustee and Marie Raymond in an effort to see if a settlement could be reached. On May 20, 2026 Applicant filed a notice of intended action in the main Chapter 7 case seeking to approve a settlement with Marie Raymond where she agreed to pay to the estate the sum of $145,000 in exchange for a release and dismissal from the adversary proceeding. ECF #78 in the Main Case. No one opposed the notice, and the order approving the settlement was entered on June 12, 2026. ECF #83 in the Main Case. Ms. Raymond has paid her settlement amount already, and has been dismissed from

the adversary proceeding.

At or around the same time that the amended complaint was being filed in June 2026, Applicant, on behalf of the Trustee, was also negotiating a possible settlement with Mr. Smith and SCE. An agreement was reached, and on July 1, 2026, Applicant filed a notice of intended action seeking approval of that settlement. See ECF #85 in the main case. That settlement required a payment of $165,000 to the estate. No one opposed the settlement, and the order approving it was entered on July 27, 2026 (ECF #92 in the main case). The Trustee received payment of this settlement amount on August 18, 2026.

Applicant is of the opinion that the overwhelming amount of undisputed facts here would have also supported a motion for summary judgment in the Trustee's favor. The extensive discovery obtained and the granting of the Motion for leave to amend the two settlements created a fund with which to pay claims and resulted in an end to litigation costs.

### D. <u>Fee Application</u>

Applicant reviewed and revised its prebills covering this Application Period. Applicant prepared and reviewed this Application, compiled supporting documentation, and drafted all pleadings in support of this Application. The entries reflect consistent communication regarding filing logistics, careful review of billing records, and refinement of the Application to ensure compliance and clarity.

## VI.

## <u>DETERMINATION OF APPROPRIATE AWARD OF FEES</u>

The custom and practice of Applicant is to keep detailed time records for all services performed by shareholders and employees of the firm. As explained in the Rudolph Declaration, Applicant keeps detailed daily time records reflecting all services rendered in the case. These daily time records, which are reviewed on a monthly basis, set forth the date the various services were rendered, a detailed description of the services performed, the person performing the services, the amount

of time spent performing the services, the various billing categories and includes attorney/paralegal time spent in connection with each category of services as well as the costs and expenses incurred during the time-period covered by the Fee Application. See the Rudolph Declaration, ¶ 4.

Applicant's fee application summary is attached as **Exhibit A** to the Rudolph Declaration. Applicant's statements of account for this case in the amount of $261,972.47 incurred during the Application Period covered by the Application, is attached as **Exhibit B** to the Rudolph Declaration.

The fees applied for herein are based on the time spent and the nature, extent, and value of the services performed on behalf of the Trustee. In addition, the fees requested herein are based on the normal and customary hourly charges of Applicant and are comparable to the charges that would be incurred for services in connection with a case other than a case under the Bankruptcy Code. See 11 U.S.C. § 330(a)(3). Applicant has made every effort to avoid excessive and inappropriate administrative expenses in this case. The services that were performed were essential to and benefited the estate. See the Rudolph Declaration, ¶ 5.

Applicant sent the Trustee copies of its bills each month for review and the Trustee has not objected to the charges.

The following is an itemization of the time spent on each matter in this case:

| Categories | Hours | Amount |
|---|---|---|
| General Legal Services | 31.10 | $17,099.00 |
| Disposition of Property | 33.00 | $19,818.00 |
| Claims Against Partners (Reduced by $122,000) | 542.70 | $202,991.50 |
| Fee Application Preparation | 22.00 | $13,571.00 |
| **TOTAL** | **628.8** | **$253,479.50** |

## VII.

## CONCLUSION

Wherefore, Applicant requests that the Court approve, on a final basis, the requested fees, as set forth below:

(1) Allow and authorize the immediate payment, as an administrative expense under Sections 330(a) and 503(b)(2) of the Bankruptcy Code, of fees in the amount of $253,479.50 and costs in the amount of $8,492.47 for a total of $261,972.47 covering the period of February 5, 2024, through and including August 24, 2026 for Fennemore LLP.

(2) Find that the compensation requested in this Application is reasonable, and that Applicant's services addressed in the Application were necessary and benefited the estate; and

(3) Grant such other relief as the Court may find just and proper.

Respectfully submitted.

Dated: September 8, 2026

FENNEMORE LLP

By: */s/ Gary B. Rudolph*
Gary B. Rudolph, Esq.

# INDEX OF EXHIBITS


| Exhibit | Description | Pages |
|---|---|---|
| A | Trustee’s Form 2 | 17-21 |

# EXHIBIT A

# FORM 2
# ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Case No: 24-00337
Case Name: Alta Vista Park, A Limited Partnership
Taxpayer ID No: XX-XXX6835
For Period Ending: 08/24/2026

Trustee Name: Christopher R. Barclay
Bank Name: Axos Bank
Account Number/CD#: XXXXXX1639
Checking
Blanket Bond (per case limit): $41,200,000.00
Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 02/20/24 | | Camino Del Rio Plaza<br>Trust Account<br>c/o RG Investment RE Services<br>8888 Clairemont Mesa Blvd Suite M<br>San Diego, CA 92123 | Turnover of Prepetition Bank Account Balance | 1129-000 | $21,171.61 | | $21,171.61 |
| 02/20/24 | 14 | Aesthetically Alejandra LLC<br>2423 Camino Sel Rio S Suite 104<br>San Diego , CA 92108-3734 | FEB 2024 Rent | 1222-000 | $1,308.32 | | $22,479.93 |
| 02/20/24 | | Therapy Connection<br>2423 Camino Del Rio S Suite 101<br>San Diego, CA 92108-3734 | Rent | 1290-000 | $1,602.79 | | $24,082.72 |
| 02/20/24 | 14 | Jacumba Valley Ranch LLC<br>2423 Camino Del Rio S Suite 212<br>San Diego, CA 92108-3735 | FEB Rent | 1222-000 | $749.81 | | $24,832.53 |
| 02/20/24 | 14 | Pacific States Land Company Agency<br>POB 880088<br>San Diego, CA 92168 | Rent & Electric Bill November 2023 to December 2023 | 1222-000 | $2,823.82 | | $27,656.35 |
| 02/20/24 | 14 | JCVT<br>2423 Camino Del Rio S, Unit 115<br>San Diego, CA 92108 | FEB 2024 Rent | 1222-000 | $1,063.81 | | $28,720.16 |
| 02/20/24 | 14 | Bellage Cosmestics | Rent | 1222-000 | $692.23 | | $29,412.39 |
| 02/20/24 | 14 | Cheryl J Krivorchuk<br>4162 Arizona St Apt 3<br>San Diego, CA 92104-1731 | Rent | 1222-000 | $1,042.67 | | $30,455.06 |
| 02/20/24 | 14 | San Diego Counseling and Therapy<br>2510 Wanek Rd Unit D<br>Escondido, CA 92027-2858 | Rent | 1222-000 | $292.39 | | $30,747.45 |
| 02/20/24 | 14 | Joni Hendrickson<br>8713 Grossway Ct Unit 64<br>Santee, CA 92071-6400 | Rent | 1222-000 | $394.83 | | $31,142.28 |
| 02/20/24 | 14 | Mission Valley Skin Care Inc.<br>10117 Gayuba LN<br>San Diego, CA 92124 | Rent | 1222-000 | $1,118.41 | | $32,260.69 |
| 02/20/24 | 14 | Mathew Weisskopf<br>3542 Seahorn Cir<br>San Diego, CA 92130-1013 | Rent | 1222-000 | $900.00 | | $33,160.69 |

Page Subtotals: $33,160.69 $0.00

# FORM 2
# ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Case No: 24-00337
Case Name: Alta Vista Park, A Limited Partnership

Taxpayer ID No: XX-XXX6835
For Period Ending: 08/24/2026

Trustee Name: Christopher R. Barclay
Bank Name: Axos Bank
Account Number/CD#: XXXXXX1639
Checking
Blanket Bond (per case limit): $41,200,000.00
Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 03/01/24 | 2 | Alta Vista Park | Turnover of Bank Account Proceeds | 1129-000 | $20,900.94 | | $54,061.63 |
| 03/01/24 | 1 | Alta Vista Park, L. P. | Turnover of Bank Account Proceeds | 1129-000 | $1,000.00 | | $55,061.63 |
| 03/01/24 | | Axos Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $5.38 | $55,056.25 |
| 03/04/24 | | Camino Del Rio Plaza<br>Trust Account<br>c/o RG Investment RE Services<br>8888 Clairemont Mesa Blvd Suite M<br>San Diego, CA 92123 | Turnover of Prepetition Bank Account Balance Reversal<br>Check returned NSF 2/22/2024 | 1129-000 | ($21,171.61) | | $33,884.64 |
| 03/04/24 | | Therapy Connection<br>2423 Camino Del Rio S Suite 101<br>San Diego, CA 92108-3734 | Rent Reversal<br>Check returned marked "Stopped Payment". | 1290-000 | ($1,602.79) | | $32,281.85 |
| 04/01/24 | | Axos Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $35.64 | $32,246.21 |
| 05/01/24 | | Axos Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $34.45 | $32,211.76 |
| 08/15/24 | 17 | Top Premium Finance<br>POB 2277<br>Chatsworth, CA 91311 | Insurance refund | 1229-000 | $335.66 | | $32,547.42 |
| 07/30/25 | 15 | Marine Merchant Finance | Settlement Payment<br>per order approving settlement entered on August 25, 2025 [Docket 67]. | 1241-000 | $39,158.23 | | $71,705.65 |
| 03/16/26 | 2001 | Franchise Tax Board<br>POB 842857<br>Sacramento, CA 94257-0531 | 2025 Form 3538 (565)<br>EIN 95-3326835<br>LP Number 199421700022<br><br>LBR 2015-2 | 2820-000 | | $800.00 | $70,905.65 |
| 06/25/26 | 16 | Marie Raymond | Settlement Payment<br>Order Approving Settlement<br>Entered 6/12/26<br>ECF 83 | 1249-000 | $145,000.00 | | $215,905.65 |

| | | |
|---|---|---|
| Page Subtotals: | $183,620.43 | $875.47 |

# FORM 2
## ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Case No: 24-00337
Case Name: Alta Vista Park, A Limited Partnership
Taxpayer ID No: XX-XXX6835
For Period Ending: 08/24/2026

Trustee Name: Christopher R. Barclay
Bank Name: Axos Bank
Account Number/CD#: XXXXXX1639
Checking
Blanket Bond (per case limit): $41,200,000.00
Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 08/18/26 | 16 | Stanley Smith | Settlement Payment | 1249-000 | $165,000.00 | | $380,905.65 |

| | Deposits ($) | Disbursements ($) |
|---|---|---|
| COLUMN TOTALS | $381,781.12 | $875.47 |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $381,781.12 | $875.47 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $381,781.12 | $875.47 |

| | | |
|---|---|---|
| Page Subtotals: | $165,000.00 | $0.00 |

TOTAL OF ALL ACCOUNTS

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX1639 - Checking | $381,781.12 | $875.47 | $380,905.65 |
| | $381,781.12 | $875.47 | $380,905.65 |
| | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $0.00 |
| Total Net Deposits: | $381,781.12 |
| Total Gross Receipts: | $381,781.12 |

Trustee Signature: /s/ Christopher R. Barclay Date: 08/24/2026

Christopher R. Barclay
POB 2819
La Mesa, CA 91943-2819
(619)255-1529
admin@crb7trustee.com

Page Subtotals: $0.00 $0.00